IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**ABIDAN AMARAL RODRIGUEZ**,<br><br>Defendant. | Case No. 3:16-cr-324-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

On April 10, 2017, Defendant Abidan Amaral Rodriguez pleaded guilty to one count of Possession with the Intent to Distribute Methamphetamine. On July 24, 2017, the Court sentenced Mr. Amaral Rodriguez to a term of imprisonment of 60 months, 46 months of which will be served consecutively to the state sentences imposed in Clackamas County Cases #CR1501821 and #16CR06704, followed by four years of supervised release. Mr. Amaral Rodriguez currently is serving his sentence at the United States Penitentiary in Victorville, California (USP Victorville). The Bureau of Prisons (BOP) has scheduled Mr. Amaral Rodriguez for release on November 1, 2023.

On June 6, 2022, Mr. Amaral Rodriguez, representing himself, filed with this Court a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF 36. On

September 19, 2022, Mr. Amaral Rodriguez, now represented by the Office of the Federal Public Defender, filed a Supplement to Motion to Reduce Sentence. ECF 46. In that supplemental motion, Mr. Amaral Rodriguez requests reduction of his sentence to time served based on a combination of what he asserts are extraordinary and compelling reasons, including medical difficulties, the conditions under which he has served his sentence, his unusually lengthy time in transit during the pandemic, and his completion of most of his sentence. *Id*. The Government does not dispute that Defendant has exhausted administrative remedies by seeking release from the BOP before filing his motion with the Court but opposes Defendant's motion on the merits. ECF 50. Defendant has replied to the Government's opposition. ECF 55.

The Court finds that a reduction in Mr. Amaral Rodriguez's sentence of imprisonment would undermine the sentencing factors identified by Congress in 28 U.S.C. § 3553(a). The Court, therefore, denies his motion for compassionate release.

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as "compassionate release," to reduce a defendant's sentence when there are "extraordinary and compelling reasons." Under the original statute, only the Director of the BOP, acting on a defendant's behalf, could file a motion for sentence reduction under § 3582(c)(1)(A). *See United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).

In the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to allow a defendant, after first requesting the BOP to move for a sentence reduction on the defendant's behalf, directly to ask the district court for a reduction in sentence. In relevant part, that statute reads:

PAGE 2 – ORDER

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) Extraordinary and compelling reasons warrant such a reduction;
>
> \* \* \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statements identify categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and family circumstances. U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statements only apply to motions under § 3582(c)(1)(A) filed by the BOP Director on behalf of a defendant. *See Aruda*, 993 F.3d. at 802. On a defendant's direct motion for compassionate release, however, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id*. (citation omitted). As a result, a district court may consider any extraordinary and compelling reason for release that a defendant raises. *Id*.

Here, Mr. Amaral Rodriguez's early release would undermine the sentencing factors listed in 18 U.S.C. § 3553(a). The nature of his underlying offense is significant. The sentence ordered by the Court was necessary to reflect the seriousness of this offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to future criminal conduct.

Because compassionate release is not warranted in this case, the Court DENIES both Mr. Amaral Rodriguez's motion (ECF 36) and supplemental motion (ECF 46).

**IT IS SO ORDERED.**

DATED this 3rd day of January, 2023.

/s/ *Michael H. Simon*  
Michael H. Simon  
United States District Judge